**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

-vs-                                                                      Case No.  6:07-cr-38-Orl-28DAB

**HENRY FRITZGERALD SEARS**
_____

**ORDER**

After a three-day trial, a jury found Defendant guilty of all four counts brought against him by the Government.  (Verdict, Doc. 65; see also First Superseding Indictment, Doc. 31). This cause is now before the Court on Defendant's Motion for New Trial (Doc. 57). The Government filed a Response (Doc. 69), and the Court held a hearing on the motion on October 5, 2007 and reserved ruling.[1]  As set forth herein, the motion is now denied.

In his motion for new trial, Defendant makes two arguments.  First, he reiterates the arguments he made at trial regarding one of the Government's witnesses, Maria Price. The Court again rejects those arguments and finds that a new trial is not warranted on this basis. The second, and main, argument raised by Defendant in his new trial motion pertains to one of the jury instructions and a question asked by the jury during its deliberations.  This contention requires some discussion.

The Government submitted proposed jury instructions, and the Court gave the

---

[1] At the hearing, the Court also considered and denied Defendant's Renewed Motion for Judgment of Acquittal (Doc. 58). (See Mins. of Oct. 5, 2007 Hr'g, Doc. 71; Oral Order, Doc. 72).

instructions in substantially the form proposed by the Government.[2]  The instructions given as to each of the charged offenses included the alleged amount of the controlled substance involved as set forth in the First Superseding Indictment.  For example, the instruction on Count One reads in pertinent part:

> What the evidence must show beyond a reasonable doubt with regard to Count One is:
>
> First:   That two or more persons in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the first superseding indictment;
> Second:   That the Defendant, knowing the unlawful purpose of the plan, willfully joined in it; and
> Third:   That the object of the unlawful plan was to import 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine hydrochloride, as charged.

(Ct.'s Instructions to the Jury, Doc. 64 at 12).  At the end of the offense instructions, the Court instructed the jury:

> The Defendant is charged in the first superseding indictment with conspiracy to import, importation, conspiracy to distribute, and possession with intent to distribute a certain quantity or weight of the alleged controlled substance in each count.  However, you may find the Defendant guilty of an offense if the quantity of the controlled substance for which he should be held responsible is less than the amount or weight charged in that offense.  Thus, the verdict form, as I will explain in a moment, will require, if you find the Defendant guilty, to specify on the verdict form your unanimous finding concerning the weight of the controlled substance attributable to the Defendant with regard to that particular offense.

---

[2]Defense counsel objected to the quantity questions in the verdict form but did not object to the jury instructions.  However, essentially the same issue is involved.

(Ct.'s Instructions to the Jury, Doc. 64 at 17).  This paragraph was taken from the Eleventh Circuit Pattern Jury Instructions and was modified by the Court only to consolidate its use and avoid repetition.  (See Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Offense Instructions 85 & 87 (2003)).

While the jury was deliberating, it submitted a note to the Court that read as follows:

> Count 1 and 3
> Do we have to meet the 5 kilogram threshold or can we find guilty and indicate a less[e]r quantity[?]

(Note from Jury, Ct.'s Ex. 1).  The Court conferred with counsel regarding how to respond to the note and then reread the paragraph quoted above (Doc. 64 at 17) regarding conviction being possible even if the amount of the controlled substance involved was less than the amount charged.

The jury returned its verdict, finding Defendant guilty on all four counts.  With regard to Counts 1 and 3, the jury found that the amount of the mixture and substance involved was "[m]ore than 500 grams but less than 5 kilograms."  (Verdict, Doc. 65, at 1 & 2-3).  The verdict form had given three options (upon a finding of guilt) as to amount on Counts One and Three:  "Less than 500 grams," "More than 500 grams but less than 5 kilograms," and "5 kilograms or more."  (See id.)

Defendant argues that the jury instructions as given "constructively amended the charges" against him.  (Doc. 57 at 2).  He asserts that "[c]learly, the jury rejected the government's case and argument for 5 kgs. of powder cocaine – it found Mr. Sears guilty for a drug quantity less than that."  (Id. at 3).  Defendant cites United States v. Narog, 372 F.3d

1243, 1247 (11th Cir. 2004), for the proposition that "[a]n amendment of the indictment 'occurs when the essential elements of the offense contained in the indictment are altered to broaden the possible bases of conviction beyond what is contained in the indictment.'" (See Doc. 57 at 4). However, Defendant's argument is not well-taken, and no amendment of the indictment occurred here.

The Eleventh Circuit has rejected the contention that a "constructive amendment" of the indictment occurs when the indictment specifies an amount of a controlled substance but the jury is told that it can convict for a lesser amount. This is so because the quantity of the controlled substance is not an element of the offense; rather, it is "'relevant only to sentencing.'" United States v. Sanders, 202 Fed. Appx. 372, 373 (11th Cir. 2006) (quoting United States v. Williams, 876 F.2d 1521, 1525 (11th Cir. 1989)); see also United States v. Lee, 223 Fed. Appx. 905, 907 (11th Cir. 2007) ("We have held that quantity is not an element of the offense.") (citing United States v. Clay, 376 F.3d 1296, 1301 (11th Cir. 2004)). In Lee, which is factually similar to the case at bar,[3] the Eleventh Circuit specifically rejected the defendant's reliance on Narog – the case cited by Defendant here – as involving a different issue; in Narog, the indictment specifically charged offenses relating to the use of pseudoephedrine to produce methamphetamine, but the trial court instructed the jury that

---

[3]In Lee, the defendant contended "that the district court 'constructively amended' the indictment by instructing the jury that it could convict him for less than the 5 grams of cocaine base when the indictment itself specified that he had possessed with intent to distribute 'a quantity of 5 grams or more of a mixture and substance containing a detectable amount of cocaine base.'" 223 Fed. Appx. at 907. And, much like in the case at bar, in Lee "[t]he special verdict submitted to the jury instructed it to decide [the] issue of guilt or innocence first and, if the verdict was guilty, then to decide whether 5 grams or more was involved or less than that amount was." Id.

it could convict if they found that the pseudoephedrine "would be used to produce not just methamphetamine but any drug." Lee, 223 Fed. Appx. at 908 (citing Narog, 372 F.3d at 1244). The Lee court distinguished Narog as involving the broadening of the charged crime "through an enlargement of one of its terms." Id. (citing Narog, 372 F.3d at 1249). Such a broadening did not occur here.

Moreover, to the extent there was an inconsistency in the jury instructions, that inconsistency was remedied by the jury's question and the Court's rereading of the lesser amount instruction.[4] It is abundantly clear that error did not result because the jury picked up on the inconsistency and sought direction about how to deal with it. By its question, the jury plainly indicated its understanding of the issue. After the "lesser quantity" instruction was reread, the jury returned a verdict finding the middle of the three potential amount ranges that were listed on the verdict form. The jury was not misled and it clearly understood the issue; thus, a new trial is not warranted based on the jury instructions. See United States v. Leonard, 138 F.3d 906, 910 (11th Cir. 1998) (noting that even if jury charges are erroneous, a new trial is warranted "only 'when a reasonable likelihood exists that the jury

---

[4]Although the instructions given were pattern instructions, neither the Government nor defense counsel pointed out – and the Court overlooked – a comment to the pattern jury instructions explaining their use and directing the deletion of the third, amount-including element if the "lesser amount" paragraph of the instruction is given. (See Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Offense Instruction 87, note (2003) ("Alternatively, in more complicated cases, if the bracketed language in this instruction concerning weights is made a part of the overall instructions, followed by use of the special verdict form below, then the Third element of the instructions defining the offense should be deleted.")). Thus, this potential problem could have been avoided if counsel or the Court had realized the suggested modification of the pattern instructions before the jury was charged. In any event, however, the jury noticed the problem and sought – and received – clarification.

applied the instruction in an improper manner'") (quoting United States v. Quinn, 1123 F.3d 1415, 1428 (11th Cir. 1997)); see also United States v. Francisco-Gutierrez, No. 06-14849, 2007 WL 2750059, at *7 n.8 (11th Cir. Sept. 21, 2007) (noting that jury instructions are reviewed "in the context 'of the entire jury charge, in light of the indictment, evidence presented and argument of counsel to determine whether the jury was misled and whether the jury understood the issue'") (quoting United States v. Johnson, 139 F.3d 1339, 1366 (11th Cir. 1998)); United States v. Shores, 966 F.2d 1383, 1386 (11th Cir. 1992) (same); United States v. Paradies, 98 F.3d 1266, 1286 & n.34 (11th Cir. 1996) (finding that although instructions to jury may have been confusing, in their entirety they were legally sufficient); cf. United States v. Beverly, 194 Fed. Appx. 624, 628 (11th Cir. 2006) (noting that trial court has discretion to determine how to respond to jury questions, and supplemental instructions are viewed as a whole in ascertaining the ultimate question of whether the jury was misled or confused).

Accordingly, it is **ORDERED** and **ADJUDGED** that Defendant's Motion for New Trial (Doc. 57) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on this 10th day of October, 2007.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant